## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Steffany Schiel, an infant,
by her next friend, Diane Schiel

v.

Estate of Robert D. Styer,
t/a Skateland, No. 4

August 8, 1983

By JUDGE JOHN A. JAMISON

In studying briefs of counsel in the above matter, I have reached the conclusion that service of process upon the "Estate of Robert D. Styer, t/a Skateland, No. 4" is not the same as service upon a named administrator upon whom a judgment could be enforced. Customarily in this jurisdiction, plaintiff's attorney, under such circumstances as appear to exist in the present situation, requests the local Sheriff to qualify as administrator of the estate of the decedent, following which service is then had upon the Sheriff and return made. Certainly under some circumstances, the Clerk can accept service. However, I believe the death of Mr. Styer is the important thing here. He, not having been incorporated, is no longer an entity, and although he may have an estate, there has been no qualification upon the same.

I would certainly hope that if in fact someone has qualified as his administrator or executor, Mr. Palmer would have them come forward to accept service of process. If no one has qualified in either capacity, or is not willing to reveal his or her name, then plaintiff's attorney should have the Sheriff qualify forthwith.

Accordingly, the motion to set aside the default judgment against "Estate of Robert D. Styer, t/a Skateland, No. 4" will be granted. In due time, the plaintiff will be permitted either to amend her present motion for judgment, unless she be advised to file a new suit against

the proper party. This renders that portion of defendant's answer asking leave to file a late answer, moot, as answer would then be filed to the amended motion naming an administrator of the estate.